### Robert Phillip Baker *v.* Latham Garlick.

A party who propounds interrogatories to his opponent is entitled to categorical answers, confessing or denying the facts set forth by him. C. P. 349, 353 to 356.

By no device or shift can a higher rate of interest be recovered for the loan of money, than that allowed by law.

Appeal from the District Court of Caddo, *Boyce,* J.

*P. A. Morse* and *Roysdon,* for the appellant.

*Tuomey* and *C. A. Bullard,* for the defendant.

Morphy, J. This action is brought to recover $642 10, with

ten per cent interest per annum from the 1st of May, 1841, which the petition alleges to be a balance due to the plaintiff on a sale of certain tracts of land, by him made to the defendant for $1642 10, on the 3d of July, 1839. It is further alleged, that, to secure the said price, the land sold was specially mortgaged; that on the 23d of June, 1840, the defendant paid $200, and on the 10th of July following, a further sum of $800; both which payments were endorsed on the back of the note sued on; and that at the last mentioned date it was agreed that, on the plaintiff's extending the time of payment to the 1st of May, 1841, the defendant should pay interest at the rate of ten per cent per annum, &c. The defendant, after a general denial, says that, in 1839, he had proved in the Land Office a pre-emption right to a quarter section of land, being a part of that conveyed to him by the plaintiff; that not having the money to pay for the entry and the balance of the section, plaintiff agreed to loan him the amount necessary, on condition of defendant's transferring to him his land, or permitting him to make the entry in his own name in the Land Office, and allowing him one hundred per cent on the sum so advanced, payable on the 1st of May, following; that Baker did pay for the lands specified in the sale which he soon after executed to the defendant, retaining a mortgage to secure the payment of the purchase money therein mentioned; that the land was bid off by the defendant and the certificates transferred to Baker. The defendant further avers, that he has already paid the sum of $1148 87 to the plaintiff; that any acknowledgments of a smaller amount only having been paid, have been made in error, and fraud; and that the whole transaction was usurious and invalid in law. The case was submitted to a jury, who gave their verdict in favor of the defendant. From the judgment entered up upon this finding of the jury, the plaintiff appealed, after an ineffectual attempt to obtain a new trial.

To substantiate the facts set forth in his answer, the defendant propounded to the plaintiff a series of interrogatories, the substance of which tended to prove that, at the land sales at Natchitoches, in July, 1839, the plaintiff agreed to advance, and did advance to the defendant money, to enter his pre-emption of

one hundred and sixty acres of land, and the balance of the section, took the titles and certificates in his own name, and immediately after conveyed the same to the defendant, on the latter securing to him, by a mortgage on the land, a sum double the amount paid or advanced for the land, certificate, expenses, &c. In his answer to these interrogatories the plaintiff referred to an exceeddingly long letter he had written to his attorneys, *Morse* and *Roysdon*, before the institution of this suit, which he prayed should be taken and considered as a general detailed statement of the facts of the case, in answer to the interrogatories of the defendant. On the trial of the case below, a motion was made to strike out of the answers of the plaintiff the contents of his letter, offered as a part of such answers, on the ground that they were vague and evasive; that if in said letter there were matters and statements which could be viewed as answers to the interrogatories propounded, such matters and statements were so intermingled with and concealed by a great mass of irrelevant matter, that the same could not be separated and understood, and that these pretended answers were so made for the purpose of avoiding true and categorical answers. This motion having been sustained by the inferior court, the plaintiff took a bill of exceptions, to which he has called our attention. The judge, in our opinion, did not err. A party who appeals to the conscience of his adversary, is entitled to plain and categorical answers. No such answers to the interrogatories propounded, can be extracted from plaintiff's letter. It is a long and detailed statement of the plaintiff's plans and speculations on Red river, and cannot, even if it were directly sworn to, be viewed as a compliance with article 353 of the Code of Practice, which requires of the party interrogated to confess or deny the facts set forth in the interrogatories. Arts. 349 to 356. 2 Mart. N. S. 56. 1 Rob. 32. On the merits, it is clear from the evidence in the record, and the answers of the plaintiff, that the sale to the defendant was only a mode or form resorted to by the former, to conceal and disguise a transaction which was in reality an usurious loan, and not a sale. The act of conveyance in which a mortgage is stipulated, was only intended to secure an advance of money, or loan of about eight hundred dollars, and one hundred

per cent interest thereon.   As was said on a former occasion, " by
no device or shift the wit of man can invent, can more interest be
taken, or profit made than that which the law permits, on a loan
of money."   2 La. 114.   3 La. 393.   6 La. 709.   The defen-
dant appears to have paid, before the institution of this suit, at
least eleven hundred dollars.   The plaintiff was thus reimbursed
the money he had advanced, with a large amount of interest.
What remains apparently due on the note in suit, consists of ille-
gal interest, which cannot be recovered.

*Judgment affirmed.*